## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
HARRY DE PRINS,                                )
                Plaintiff          )
                                  )
v.                                             )            **CIVIL ACTION**
                                  )            **NO. 15-40093-TSH**
MICHAEL J. MICHAELES, Personal                 )
Representative of the Estate of Donald         )
Belanger and Trustee of The Donald             )
Belanger Irrevocable Trust and THE DONALD      )
BELANGER IRREVOCABLE TRUST DATED               )
October 28, 2008                               )
                                  )
                Defendants.        )
_____)

## MEMORANDUM OF DECISION AND ORDER ON
## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, WITH
## PREJUDICE AND TO PRECLUDE FURTHER AMENDMENTS TO COMPLAINT
### May 17, 2016

### Introduction

Plaintiff Harry De Prins ("Plaintiff" or "De Prins") asserts claims against Defendants

Michael J. Michaeles, as Personal Representative of the Estate of Donald Belanger and as

Trustee of the Donald Belanger Irrevocable Trust, and the Donald Belanger Irrevocable Trust

Dated October 28, 2008 (collectively, the "Defendants") for action on a judgment, breach of

fiduciary duty and an action to reach and apply interest in a trust. This Order addresses

Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 46). For the reasons set

forth below, Defendants' Motion to Dismiss is ***granted***.

Plaintiff originally filed this action on November 28, 2014 in the United States District

Court for the District of Arizona. The Defendants were subsequently served four months later, on

March 27, 2015, and filed a motion to dismiss the complaint for lack of jurisdiction, or in the alternative, to transfer the case to the United States District Court of Massachusetts. The case was transferred from Arizona Federal Court to this Court on June 29, 2015.

## Statement of Facts

The following facts are taken from Plaintiff's First Amended Complaint (the "Complaint") (Docket No. 28). The Trustee, a Massachusetts attorney, began representing Donald Belanger in 1994, in connection with a workplace sexual harassment suit filed in Worcester Superior Court. Following a jury verdict in Belanger's favor, Belanger moved from Worcester to Arizona in 2000.  In 2007, Belanger got into a water rights dispute with his neighbors, Plaintiff's parents, Simonne De Prins and Armand De Prins, and later moved to California. On October 4, 2008, Belanger's wife committed suicide while they were residing in California. Approximately a week after Belanger's wife's death, Belanger called Michaeles requesting that he prepare an irrevocable trust for him. Michaeles prepared the Donald A. Belanger Irrevocable Trust Dated October 28, 2008. Belanger signed the Trust on November 3, 2008. That Trust names Michaeles as the sole Trustee.

On March 2, 2009, Belanger waited in the parking lot of the Walmart store in Show Low, Arizona for the Plaintiff's parents who were shopping there. While they were loading their vehicle, Belanger approached and repeatedly shot and killed both of them. The following day, March 3, 2009, Belanger committed suicide. Plaintiff is the son and only surviving heir of the De Prins.

## History of the Litigation

On or about December 24, 2010, Plaintiff filed an action with Superior Court of Navajo County, Arizona (Arizona Court of Navajo County, Arizona action, Case No. PB2010-00048)

("the Probate Action"), to remove Michaeles as Executor under Belanger's will. After trial, the motion to remove Michaeles as Executor was denied by order dated March 1, 2012. Plaintiff brought a wrongful death action against, amongst others, Defendant Michaeles, as Personal Representative of the Estate of Donald Belanger, on or around June 1, 2010 in the Navajo County Superior Court for the State of Arizona, Docket No. CV2010-000299 (the "Wrongful Death Action"). On July 26, 2010, the Wrongful Death Action was removed to the United States District Court from the District of Arizona, Docket No. 3:10-cv-08133-DKD. In June of 2011, Defendant Michaeles, acting as the Personal Representative of the Estate of Donald Belanger, denied the Plaintiff's claim against the Estate on the basis that the "validity and the amount" of Plaintiff's claim were to be determined in the Wrongful Death Case. By order dated July 29, 2011, the Court granted summary judgment dismissing all claims against Belanger's daughter and her husband.

In June of 2015, Harry De Prins, as Creditor in the probate action against the Estate and Plaintiff in both the Wrongful Death Action and the present action, entered into a stipulation in open court with Michael J. Michaeles, as the Personal Representative of the Estate in the Probate Action and the Wrongful Death Action, and as Defendant and Defendant Trustee in the present action. In that stipulation, the parties agreed that:

> (1) Plaintiff's claim against the Estate shall be settled by entry of an agreement for judgment for the Plaintiff against the Estate in the amount of $750,000 in the Wrongful Death Action (10-cv-08133-DKD, doc. no. 73);
>
> (2) collection of the judgment will be exclusively against the Trust in the enforcement action; and,
>
> (3) the enforcement action, which was originally filed in the District of Arizona (14-cv-08230), would be transferred to the United States District Court for the District of Massachusetts (Worcester)(15-cv-40093-TSH, doc. no. 21); and,

(4) the Probate Action in Arizona Superior Court would be closed (hereinafter the "Stipulation").

*See Order of the Navajo County Superior Court in the Probate Action, Ex. 1 to the First*

*Amended Complaint (Docket No. 45).*

In accordance with that Stipulation and Order, the parties filed a Joint Motion for Entry of Judgment in favor of the Plaintiff and against the Estate, in the amount of $750,000 in the Wrongful Death Action on July 8, 2015 (the "Joint Motion"). Pursuant to the Joint Motion, the District Court for the District of Arizona entered a final judgment in the Wrongful Death Action in favor of the Plaintiff in the amount of $750,000 on July 9, 2015 (the "Consent Judgment").

Prior to the entry of the Consent Judgment, on or around November 28, 2014, Plaintiff filed the present action in the District of Arizona (Docket No. 14-cv-08230), seeking to collect the judgment against the Estate from the assets of the Trust. The parties filed a Joint Motion to Change Venue (Docket No. 20) and the case was transferred to the District of Massachusetts (Docket No. 4:15-cv-40093-TSH). Defendant filed a motion to dismiss on July 28, 2015 and counsel for the Plaintiff moved to amend the complaint on August 31, 2015. After a hearing in this Court on October 30, 2015, the motion to dismiss, which was unopposed, was granted, and the motion to amend the complaint was allowed.

The Plaintiff filed the First Amended Complaint on November 4, 2015, which contains three counts:  Count I to enforce the Consent Judgment against the Estate; Count II for breach of fiduciary duty against the Defendant Michaeles in his capacity as Personal Representative of the Estate and as Trustee of the Trust; and Count III to reach and apply the assets of the Trust in satisfaction of the Consent Judgment. Defendants filed the instant motion to dismiss the First Amended Complaint on November 17, 2015.

## Discussion

### *Standard of Review*

*Fed. R. Civ. P. 12(b)(6)*

To overcome a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The plausibility of a claim is evaluated in a two-step process. *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). First, the court must separate the complaint's factual allegations, which must be accepted as true, from its conclusory legal allegations, which are not entitled to the presumption of truth. *Id.* at 43; *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). Second, the court must accept the remaining factual allegations as true and decide if, drawing all reasonable inferences in the plaintiffs' favor, they are sufficient to show an entitlement to relief. *Manning*, 725 F.3d at 43. The court draws on judicial experience and common sense in evaluating a complaint, but may not disregard factual allegations even if it seems that actual proof of any particular fact is improbable. *Iqbal*, 556 U.S. at 667, 129 S. Ct. 1949; *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955. A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *Mitchell v. Mass. Dep't of Corr.*, 190 F. Supp. 2d 204, 208 (D. Mass. 2002).

Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and alterations omitted). Although detailed factual allegations are not necessary, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

*Jurisdiction and Venue*

Ordinarily, a federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). Although Massachusetts is currently the forum of the case, Arizona's choice of law rules apply because this diversity case was transferred from the District of Arizona to the District of Massachusetts upon the Defendant's motion. *See Fed. Ins. Co. v. XTRA Intermodal, Inc.*, 2015 U.S. Dist. LEXIS 91992, *24(D.Mass. July 15, 2015) (ruling that, in a diversity case, once venue is transferred pursuant to 28 U.S.C. § 1404(a), the transferee court must apply the choice-of-law rules of the state where the action was originally filed); *CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 962 F.2d 77, 80 (1st Cir.1992), as amended.

Under Arizona law, Courts follow the "most significant relationship test" under the Restatement (Second) of Conflict of Laws (1971 and Supp. 1988) ("Restatement") in determining choice-of-law issues. *Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 268 n. 2, 77 P.3d 439, 441 n. 2 (2003); *Garcia v. General Motors Corp.*, 195 Ariz. 510, 516-17, 990 P.2d 1069, 1075-76 (1999). Arizona follows the doctrine of depecage in resolving conflicts of laws, thereby allowing the courts to apply different state laws to different issues based on the applicable choice of law principles. *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 611 (7th Cir. 1981). The concept of depecage establishes the framework under which different issues in a single case, arising out of a common nucleus of operative facts, may be decided according to the substantive law of different states. *See Putnam Res. v. Pateman*, 958

F.2d 448, 465 (1st Cir. 1992), (citations omitted); see also Value Partners S.A. v. Bain & Co., Inc., 245 F.Supp.2d 269, 274 (D.Mass. 2003).

Applying Arizona conflict of law principles under the Restatement,[1] it follows that Arizona law governs the issues concerning the preclusive effect of the Consent Judgment and the time limitations for bringing a claim against the personal representative of a decedent's estate, while Massachusetts law governs the issues concerning the claims against the Trust, as discussed in Count II.

Defendants argue that the First Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted because the Trust cannot be held liable for wrongful death, the Trust cannot be held liable for the debts of the Estate, the assets of the Trust are not reachable by the Plaintiff because the Trust is irrevocable, and because the Trustee owes no duty to the Plaintiff.

*Count I – Action on a Judgment*

Little discussion is warranted on Count I for Action on a Judgment, as there are no legal or factual allegations to support the claim. The stipulation entered between the parties resolving the wrongful death claim resulted in the entry of judgment against the Estate. Collection, *if allowable*, was to be against the Trust. Accordingly, no further discussion Count I is necessary.

*Count II – Breach of Fiduciary Duty*

In Count II of the First Amended Complaint, Plaintiff claims that Defendant Michaeles owed him a fiduciary duty as a creditor of the Estate or Trust, and that he breached that duty by his allegedly improper exercise of power as a personal representative and as trustee. Defendant

---

[1] As the parties agree that the Trust is governed by Massachusetts law, the Court will limit its discussion of this.

argues that the claim is barred by the statute of limitations and further, that as trustee he owes no fiduciary duty to the Plaintiff.

To satisfy the elements of a claim for breach of fiduciary duty, the plaintiff must allege four elements: (1) existence of a fiduciary duty arising from a relationship between the parties, (2) breach of that duty, (3) damages, and (4) a causal relationship between the breach and the damages. *Kriegel v. Bank of Am., N.A.*, No. 07CV12246-NG, 2010 WL 3169579, at *12 (D. Mass. Aug. 10, 2010), quoting *Qestec, Inc. v. Krummenacker,* 367 F.Supp.2d 89, 97 (D.Mass. 2005). *See also Berkowitz v. Berkowitz*, No. CIV.A. 11-10483-DJC, 2012 WL 769726, at *5 (D.Mass. Mar. 9, 2012). "A fiduciary duty exists 'when one reposes faith, confidence, and trust in another's judgment and advice.'" *Doe v. Harbor Sch., Inc.,* 446 Mass. 245, 843 N.E.2d 1058, 1064 (2006) (quoting *Van Brode Grp., Inc. v. Bowditch & Dewey,* 36 Mass.App.Ct. 509, 633 N.E.2d 424, 428 (1994)). *Conway v. Licata*, 104 F. Supp. 3d 104, 116 (D.Mass. 2015).

Defendants contend that the Trustee does not owe a duty to Plaintiff, who is a creditor of the Estate and not the Trust. "The general principles governing the conduct of a fiduciary in dealing with trust property have been frequently declared by this court," *Pantazis v. Tsourides*, No. 992362C, 2009 WL 2603147, at *13 (Mass. Super. July 8, 2009), citing *Boston Safe Deposit & Trust Co. v. Lewis*, 317 Mass. 137, 140 (1944). "A trustee must exercise good faith and act solely in the interests of the beneficiaries in administering the trust." *Id*. See also Restatement (Second) of Trusts, § 170. Here, as he is not a beneficiary of the Trust, Plaintiff has not shown, by any plausible facts in the complaint, that a fiduciary relationship existed, and Count II will be dismissed.

*Count III – Reach and Apply Interest in a Trust After Judgment*

In Count III, the Plaintiff seeks to collect on the Consent Judgment against the Estate by reaching and applying the assets of the Trust in satisfaction of that judgment debt pursuant to M.G.L. c. 214, § 3(6). Defendant argues that the statute of limitations has passed as to all of the underlying causes of action, but failed to address the merits of the reach and apply claim. In theory, equitable interests in a trust may be reached and applied. *New England Merchants Nat. Bank of Boston v. Hoss*, 356 Mass. 331, 335 (1969). A creditor may "reach and apply" a debtor's interest in intangible property that cannot otherwise be executed against in an action at law, Mass. Gen. Laws c. 214, § 3(6), including a debtor's beneficial interest in trusts. *Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54, 59 (1st Cir. 2001). A statutory reach and apply claim requires a showing of, "(1) the indebtedness of the defendant and [that] (2) the defendant has property that can be reached by the plaintiffs in satisfaction of the defendant's debt." *Americus Mortgage Corp. v. Estate of Belli*, No. CIV.A. 12-10861-GAO, 2014 WL 1338294, at *4 (D. Mass. Mar. 31, 2014) quoting *Hunter v. Youthstream Media Networks, Inc.,* 241 F.Supp.2d 52, 57 (D.Mass. 2002); *Iantosca v. Benistar Administrative Services, Inc.,* 843 F. Supp.2d 148, 152 (D.Mass. 2012); *see Springfield Redevelopment Authority v. Garcia,* 44 Mass.App.Ct. 432, 691 N.E.2d 965, 968 (Mass.App.Ct.1998) (reach and apply action requires "establishment of an indebtedness on the part of the principal defendant to the plaintiff" and "collecting the debt, when established, out of property rights which cannot be reached on an execution") (internal quotation marks omitted); *see also In re Martin,* 468 B.R. 479, 485 (Bkrtcy.D.Mass.2012) (" 'the plaintiff in a non-statutory action to reach and apply must be a judgment creditor'").

Here, because Michaeles agreed that the amount of the judgment against the Estate by the Plaintiff would be paid out the Trust, the Consent Judgment satisfies the indebtedness

requirement. The Plaintiff faces a greater challenge, however, when attempting to satisfy the condition that the Trust can be reached.

The First Amended Complaint sets forth a lengthy and detailed procedural history of the multiple cases involved in this litigation, and suggests that funds or property were fraudulently conveyed to the Trust before he committed the murders, preparing for the significant debt that may follow. Indeed, Plaintiff argues this in his brief, but fails to plead specific facts that would support a claim of fraudulent transfer or concealment, even prior to the stricter standards of *Iqbal* and *Twombly*.

Where fraud is alleged, the heightened pleading requirements of Fed.R.Civ.P. 9(b) apply. Rule 9(b) provides: " … [A] party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); *U.S. ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 123 (1st Cir. 2013). "This standard means that a complaint must specify the time, place, and content of an alleged false representation." *U.S. ex rel. Gagne v. City of Worcester,* 565 F.3d 40, 45 (1st Cir.2009) (internal quotations omitted); *see also Alternative Sys. Concepts, Inc. v. Synopsys, Inc.,* 374 F.3d 23, 29 (1st Cir.2004) (observing that claims for fraud typically must "specify the who, what, where, and when of the allegedly false or fraudulent representation"). *Fiorillo v. Winiker,* 85 F. Supp. 3d 565, 571 (D. Mass. 2015). Rule 9(b) provides that a fraud plaintiff must "state with particularity the circumstances" that constitute a fraud perpetrated by this Defendent upon this Plaintiff. It is not sufficient for the Plaintiff simply to state the desired conclusions, while omitting a statement of the circumstances justifying those disclaimers. Although here the claim itself is not for fraud, "[e]ven when a plaintiff is not making a fraud claim, courts will require particularity in the pleading if the cause of action is premised on fraudulent conduct." § 1297 *Pleading Fraud With Particularity—In General*, 5A Fed. Prac. & Proc. Civ. § 1297 (3d ed.).

Therefore, to the extent that Plaintiff's claims are grounded in fraud, the heightened pleading standards will apply.

> The law of Massachusetts provides that:
>
> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Mass Gen. Laws ch. 109A, § 6. *See also In re Johnson*, No. ADV 06-01199-WCH, 2008 WL 8664761, at *6 (B.A.P. 1st Cir. June 13, 2008). A conveyance may be fraudulent as to creditors when it is made, or the obligation incurred, with the actual intent to hinder, delay, or defraud either present *or future* creditors. *David v. Zilah,* 325 Mass. 252, 255 (1950) (emphasis added); *Hoult v. Hoult*, 862 F.Supp 644, 649 (D. Mass. 1994) ("plaintiff has standing to raise a fraudulent conveyance claim, even where the alleged conveyance occurred subsequent to the transactions forming the basis of the underlying claim and before the plaintiff obtains a judgment against the conveyancer").

Here, Plaintiff bases his claim to reach apply the assets of the Trust on the alleged fraudulent behavior of Belanger, but fails to state a claim for fraud. Plaintiff's only support for basing his reach and apply claim in fraud is a simple statement in his brief to support this theory: "on the grounds that Belanger fraudulently conveyed his assets to the Trust shortly before he knew he would incur a massive debt that would render him insolvent arising out of the murder of the Plaintiff's parents." *See Opp. of Plaintiff*, Docket No. 48, p. 16. No further discussion in the brief or in the Complaint suggests that the assets of the Trust were fraudulently transferred. Plaintiff's claims fail to offer "the who, what, where, and when" of the alleged fraudulent transfer, *see Alternative System Concepts, Inc. v. Synopsys,* 374 F.3d 23, 29 (1st Cir.2004),

required to satisfy the heightened pleading standard of Fed.R.Civ.P. 9(b).[2] *See also Epoxy Tech., Inc. v. Daizo Corp.,* No. 2013 WL 2146844, at *1 (D. Mass. May 16, 2013), citing *Ocasio–Hernandez v. Fortuno–Burset,* 640 F.3d 1, 12 (1st Cir.2011) (quoting *Twombly,* 550 U.S. at 555). Count III is therefore dismissed. As is common when a district court dismisses a complaint under Rule 9(b), the Court will dismiss the claim without prejudice, with leave to further amend to cure the deficiencies in the Complaint as to Count III.

## Conclusion

1.  Defendants' Motion to Dismiss (Docket No. 46) is ***granted*** with prejudice as to Count II and is ***granted*** with prejudice as to all claims against Michael J. Michaeles as Representative of the Estate of Donald Belanger.

2.  Defendants' Motion to Dismiss (Docket No. 46) is ***granted*** without prejudice as to Count III. Plaintiff has 21 days from the date of this order to further amend the complaint pursuant to this Order. Any amended complaint must be filed on or before June 1, 2016.

3.  Motion for a Hearing (Docket No. 49) is ***denied.***

---

[2] The First Circuit has noted that "the specificity requirement extends only to the particulars of the allegedly misleading statement itself." *Id.* (*citing Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66 (1st Cir.2004)). "The other elements of fraud, such as intent and knowledge, may be averred in general terms." *Id.* (citing Fed.R.Civ.P.9(b)). *See also Hayduk,* 775 F.2d at 444 (stating that "Rule 9(b) requires 'specification of the time, place and content of an alleged false representation, but not the circumstances from which fraudulent intent could be inferred.' ") (*quoting McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir. 1980)) (other citation omitted). *See Pearce v. Duchesneau Grp., Inc.*, 392 F. Supp. 2d 63, 72 (D. Mass. 2005).

4.  Platinffs' Motions for Leave to File Second Supplemental Motion (Docket No. 52)

and Motion for Leave to File a Reply Motion (Docket No. 54) are ***denied***.[3]

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

---

[3] Parties are reminded that more is not always better, particularly when it comes to repetitive and superfluous motions. In the future, such pleadings shall be filed in accordance with Fed. R. Civ. P. 15.