UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|                                                              |                                   |
|--------------------------------------------------------------|-----------------------------------|
| HARRY DE PRINS,                                              |                                   |
|    Plaintiff,                                 |                                   |
|                                                              |                                   |
| v.                                                           | Civil Action No. 15-cv-40093-TSH  |
|                                                              |                                   |
| MICHAEL J. MICHAELES, Personal Representative of the Estate of Donald Belanger; MICHAEL J. MICHAELES, Trustee of the Donald Belanger Irrevocable Trust dated October 28, 2008 and THE DONALD BELANGER IRREVOCABLE TRUST DATED OCTOBER 28, 2008, |  |
|    Defendants.                                |                                   |

### COMPLAINT (Second Amended)
### (Reach and Apply Interest in a Trust after a Judgment)

Plaintiff, Harry De Prins, by and through his counsel undersigned, and for his complaint against Defendants alleges as follows:

1. Plaintiff, Harry De Prins, resides in Maricopa County, Arizona.

2. Defendant Michael J. Michaeles is the personal representative of the Estate of Donald Belanger (the "Estate") and trustee of Defendant The Donald Belanger Irrevocable Trust dated October 28, 2008 (the "Trust"), a copy of which is attached hereto as Exhibit "A". Michaeles resides in the Commonwealth of Massachusetts.

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332; the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different States.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as Defendant Michaels resides in the district and pursuant to the Court's Order (document no. 21) transferring venue from the District of Arizona to the District of Massachusetts.

5.     Defendant Michael J. Michaeles had been the attorney for Donald Belanger since at least 1994.  Michaeles knew Belanger to be someone under extensive psychiatric care.  Due to the media attention that Donald Belanger and his wife were receiving, as a result of a favorable verdict obtained for Donald Belanger by Defendant Michaeles, Michaeles recommended to the Belangers that they move out of Massachusetts.  The Belangers first moved to Arizona, where they lived for a number of years.  While living in Arizona, the Belangers were involved in protracted litigation with several of their neighbors, including Armand and Simonne De Prins.  This litigation resulted in a monetary judgment against the Belangers and in favor of, among others, the De Prins.  In July of 2008, after the litigation with the De Prins was over, the Belangers left Arizona and moved to California.  Three months later, in October of 2008, Ellen Belanger committed suicide in California.  Donald Belanger blamed his wife's suicide on the litigation with the De Prins.  More than once, Belanger had stated he would harm the De Prins.  One week after his wife's suicide, Belanger telephoned Defendant Michaeles requesting that he prepare an irrevocable trust for Belanger.  Michaeles prepared the Trust instruments, which Belanger executed in Arizona, to where he returned.  Belanger subsequently transferred all of his

investment assets (approximately $460,000) and all of his cash (approximately $225,000 in cash that he kept in a duffle bag with him) to the Trust, purportedly out of the reach of creditors, though still readily available to Belanger via Michaeles.  Belanger then began to stalk the De Prins, learning their habits, schedule, and normal whereabouts so that he could ambush them when they were most vulnerable and unsuspecting.   On March 2, 2009, Belanger waited in the parking lot of the Walmart Supercenter store in Show Low, Arizona while the Plaintiff's decedents, Simonne De Prins and Armand De Prins, were doing their routine day of shopping.  While the De Prins were loading their vehicle, Belanger approached them with a gun and repeatedly shot each of them, mortally wounding them both.  With his business in Arizona completed, Belanger started driving to Connecticut, to where he had already shipped his remaining personal belongings.  However, when a highway patrol car signaled for him to pull over on Interstate 25 near Albuquerque, New Mexico, Belanger fatally shot himself as the officer approached his car.

6. Plaintiff is the son and only surviving heir of Armand De Prins and Simonne De Prins, deceased.

7. Following the murder of his parents, Plaintiff timely brought a wrongful death action against the Estate of Donald Belanger.  Though initially filed in the superior court of Arizona, this case was removed to the United States District Court for the District of Arizona, case number 3:10-cv-08133-DKD (the "Wrongful Death Case").

8. In June of 2011, Defendant Michaeles, then acting as the Personal Representative of the Estate, denied the Plaintiff's claim against the Estate on the basis that

the "validity and the amount" of Plaintiff's claim were to be determined in the Wrongful Death Case.

9. On September 30, 2014, Defendant Michaeles, again acting in his capacity as the Personal Representative of the Estate, and after several years of litigation, finally amended his Answer in the Wrongful Death Case to admit that Donald Belanger had, in fact, "shot and killed" Simonne De Prins and Armand De Prins, (document no. 60, 3:10-cv-08133-DKD).

10. Following the above admission of liability, Plaintiff filed the present action against the Trust as a creditor of the Estate.

11. In or about June of 2015, Harry De Prins, as Plaintiff in both the Wrongful Death Case and the present case, and Michael J. Michaeles, as the Personal Representative of the Estate in the Wrongful Death Case, and as both Trustee and a defendant in the present case, reached an agreement whereby venue in the present case would be transferred to the United States District Court for the District of Massachusetts (Worcester)(document no. 21) and a Judgment awarding $750,000.00 in the amount of damages would be entered in the Wrongful Death Case (document no. 73, 3:10-cv-08133-DKD) against the Estate (the "Consent Judgment").

12. Plaintiff has made demand on Michaeles, both as the Personal Representative of the Estate and as the Trustee of the Trust, to convey Trust property to satisfy Plaintiff's claims, now the Consent Judgment, but Michaeles has failed and refused to so.

13. Under paragraph 1 of "Article Second" of the Trust, the Trustee "may distribute to, or apply for the sole benefit of, the Donor [Belanger] during his lifetime, so

much of the income and principal, in such amounts and manner, as the Trustee [Michaeles] in his sole discretion shall determine."

14.     Under Massachussetts' law[1], the Trust is liable to Plaintiff for the amount of the Consent Judgment against the Estate of Donald Belanger up to the maximum amount which the Trustee under the terms of the Trust could pay to the Estate or apply for its benefit. Accordingly, Plaintiff seeks to collect upon the Consent Judgment against the Estate by reaching and applying the assets of the Trust in satisfaction of the Consent Judgment pursuant to M.G.L. c. 214, § 3 and equitable reach and apply pursuant to Massachusetts' common law.

15.     In addition to being able to reach the assets of the Trust using the rules adopted by the Massachusetts courts as noted above, Plaintiff may reach the Trust's assets as Belanger fraudulently conveyed them into the Trust. As demonstrated above, Belanger had actual intent to hinder, to delay, or to defraud claims of potential creditors, such as the De Prins. Just prior to his planned murder of the De Prins, in retaliation for the loss of his wife, Belanger transferred substantially all of his assets into the Trust, purportedly beyond the reach of his creditors and without receiving reasonable or equivalent value in exchange. Without access to the assets that he transferred into the Trust, Belanger was effectively insolvent and could not provide for himself or pay his creditors.

16.     Plaintiff has no other remedy at law and there are no other available assets to the best of Plaintiff's knowledge to satisfy the judgment previously recovered or expected to be recovered in this action.

---

[1] *See Tilcon Capaldi Inc. v. Feldman*, 249 F.3d 54 (1st Cir., 2001); *Ware v. Gulda,* 117 N.E.2d 137 (Mass., 1954); accord Restatement (Second) of Trusts § 156(2) (1959).

17.   Thus, Plaintiff requests that the Court allow the Plaintiff to reach and apply the interest of the Estate from the Trustee and the Trust in order to allow the payment of the judgment previously entered in the Wrongful Death Case (3:10-cv-08133-DKD ).

WHEREFORE, Plaintiff prays for and demands judgment against the Defendants, and each of them, as set forth below:

- A.  For payment of the $750,000.00 Judgment against the Estate from the Trust;
- B.  That the Court allow Plaintiff to reach and apply the interest of the Estate from the Trustee and the Trust in order to allow the payment of the judgment previously entered in the Wrongful Death Case (3:10-cv-08133-DKD ).
- C.  That the Court award such declaratory and equitable relief to Plaintiff to allow the payment of the judgment previously recovered or expected to be recovered in this action.
- D.  That the Court award all compensatory damages as proved by the Plaintiff;
- E.  For general damages according to proof;
- F.  For special damages according to proof;
- G.  For costs of suit;
- H.  For prejudgment interest and post-judgment interest according to law; and
- I.  For such other and further relief as the court may deem just and proper.

DATED this 1st day of June, 2016.

                    HARRY DE PRINS
                    By his attorneys

                    */s/ Guy P. Roll*
                    Guy P. Roll (*pro hac vice*)
                        guy.roll@roll-law.com
                    THE ROLL LAW OFFICE, PLLC
                    2151 East Broadway Rd., Ste. 216
                    Tempe, Arizona 85282
                    (480) 314-5505
                    (480) 314-5510 (fax)

                    */s/ J. Mark Dickison*
                    J. Mark Dickison (BBO# 629170)
                        MDickison@Lawson-Weitzen.com
                    LAWSON & WEITZEN, LLP
                    88 Black Falcon Avenue, Suite 345
                    Boston, Massachusetts 02210
                    (617) 439-4990
                    (617) 439-3987 (fax)


## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon non-registered participants.

                    */s/ Guy P. Roll*
                    Guy P. Roll