UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
HARRY DE PRINS,                                     )
           Plaintiff                        )
                                                    )
v.                                                  )    CIVIL ACTION
                                                    )    NO. 15-40093-TSH
MICHAEL J. MICHAELES, Personal                      )
Representative of the Estate of Donald              )
Belanger and Trustee of The Donald                  )
Belanger Irrevocable Trust and THE DONALD           )
BELANGER IRREVOCABLE TRUST DATED                    )
October 28, 2008                                    )
                                                    )
           Defendants.                      )
_____)

# MEMORANDUM OF DECISION AND ORDER ON
# DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT
**February 15, 2017**

## Introduction

Plaintiff Harry De Prins ("Plaintiff" or "De Prins") asserts a single claim against Defendants Michael J. Michaeles, as Personal Representative of the Estate of Donald Belanger and Trustee of the Donald Belanger Irrevocable Trust, and the Donald Belanger Irrevocable Trust Dated October 28, 2008 (collectively, the "Defendants") for action to reach and apply interest in a trust after a judgment. This Order addresses Defendants' Motion to Dismiss Second Amended Complaint (Docket No. 60). For the reasons set forth below, Defendants' Motion to Dismiss is *denied*.

## Procedural and Factual History

This case is an action to reach and apply the assets of the Trust in satisfaction of a judgment. The underlying action in which the judgment was entered was a wrongful death and negligence action brought by the Plaintiff against the Defendant, Michael J. Michaeles, as Personal Representative of the Estate of Donald Belanger (the "Estate"), among others, arising out of the murder by decedent Donald Belanger ("Belanger") of the Plaintiff's parents. On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir. 1999).

The following facts are taken from Plaintiff's Second Amended Complaint ("SAC"). *See* Second Amended Complaint, Docket No. 59. Belanger believed that the Plaintiff's parents, Armand and Simonne De Prins ("De Prins"), were responsible for his wife's suicide stemming from a prior dispute between which was resolved through intense and expensive litigation. That litigation resulted in a monetary judgment against the Belangers. In October of 2008, Belanger's wife, Ellen Belanger committed suicide. The following week, Belanger called the Defendant Michaeles requesting that he prepare an irrevocable trust for Belanger. In late October or early November 2008, Belanger executed the Trust. *See* SAC, Docket No. 59, Attachment 1( as Exhibit A). Belanger subsequently transferred his investment assets (approximately $460,000) and all of his cash (approximately $225,000) to Defendant Michaeles, as Trustee of the Trust. Plaintiff alleges that transferring substantially all of his assets into the Trust effectively left Belanger insolvent, although the terms of the Trust provided that Defendant, as Trustee, could pay out funds to Belanger.

For a period of six months from October 2008 to March 2009, Belanger followed the parents of the Plaintiff, learning their habits and schedule. On March 2, 2009, Belanger, waited in the parking lot of the Walmart Supercenter store in Show Low, Arizona, while the DePrinses were shopping. While they were loading their vehicle, Belanger approached the DePrinses with a gun and fatally shot them both.

Following the killings, Belanger began driving. As a highway patrol car signaled for him to pull over on Interstate 25 near Albuquerque, New Mexico, Belanger fatally shot himself the officer approached his car.

Plaintiff is the son and only surviving heir of Simone and Armand DePrins, deceased. Plaintiff brought a Wrongful Death Case against, amongst others, Defendant Michaeles, as Personal Representative of the Estate of Donald Belanger, on or around June 1, 2010 in the Navajo County Superior Court for the State of Arizona (Docket No. 2010-000299) (the "Wrongful Death Case"). On July 26, 2010, the Wrongful Death Case was removed by one of the defendants in that case to the United States District Court for the District of Arizona (Docket No. 3:10-cv-08133-DKD). In June of 2011, Defendant Michaeles, then acting as the Personal Representative of the Estate of Donald Belanger, denied the Plaintiff's claim against the Estate on the basis that the "validity and the amount" of Plaintiff's claim were to be determined in the Wrongful Death Case.

On September 30, 2014, Defendant Michaeles amended his answer in the Wrongful Death Case, and admitted Belanger's liability in the shooting deaths of Simone and Armand DePrins. Following this admission, Plaintiff filed the present action to collect the judgment against the Trust as a creditor of the Estate from the assets of the Trust.

In or about June of 2015, Harry DePrins, as Plaintiff in both the Wrongful Death Case

and the present action, entered into a Stipulation in open court with Michael J. Michaeles, as the Personal Representative of the Estate in the Wrongful Death Case. In that Stipulation, the parties agreed that:

> "1) Plaintiff's claim against the Estate shall be settled by entry of an agreement for judgment for the Plaintiff against the Estate in the amount of $750,000 in the Wrongful Death Case (10-cv-08133-DKD, doc. no. 73);
>
> 2) Collection of the judgment will be exclusively against the Trust in the enforcement action; and,
>
> 3) the enforcement action, which was originally filed in the District of Arizona (14-cv-08230), would be transferred to the United States District Court for the District of Massachusetts (Worcester) (15-cv-40093-TSH, doc. no. 21).

In accordance with that Stipulation and Order, the parties filed a Joint Motion for Entry of Judgment in favor of the Plaintiff and against Defendant Michaeles, as Personal Representative of the Estate, in the amount of $750,000 in the Wrongful Death Case on July 8, 2015 (the "Joint Motion"). Pursuant to the Joint Motion, the District Court for the District of Arizona entered a final judgment in the Wrongful Death Case in favor of the Plaintiff against the Defendant Michaeles as Personal Representative of the Estate in the amount of $750,000 on July 9, 2015 (the "Consent Judgment"). Plaintiff has made demand on Michaeles, both as the Personal Representative of the Estate and as the Trustee of the Trust, to convey Trust property to satisfy Plaintiff's claims. Plaintiff alleges that there are no other available assets to satisfy the judgment of $750,000 and now seeks to collect on the Consent Judgment against the Estate by reaching and applying the assets of the Trust pursuant to Mass. Gen. L. c. 214, § 3 and the equitable remedy of reach and apply under Massachusetts common law.

Plaintiff filed his SAC in this action on June 1, 2016, and the Defendants filed the instant motion to dismiss the SAC on June 14, 2016. A hearing was held in this Court on October 6, 2016.

# DISCUSSION

*Standard of Review*

*Fed. R. Civ. P. 12(b)(6)*

To overcome a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The plausibility of a claim is evaluated in a two-step process. *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). First, the court must separate the complaint's factual allegations, which must be accepted as true, from its conclusory legal allegations, which are not entitled to the presumption of truth. *Id.* at 43; *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). Second, the court must accept the remaining factual allegations as true and decide if, drawing all reasonable inferences in the plaintiffs' favor, they are sufficient to show an entitlement to relief. *Manning*, 725 F.3d at 43 The court draws on judicial experience and common sense in evaluating a complaint, but may not disregard factual allegations even if it seems that actual proof of any particular fact is improbable. *Iqbal*, 556 U.S. at 667, 129 S. Ct. 1949; *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955. A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *Mitchell v. Mass. Dep't of Corr.*, 190 F. Supp. 2d 204, 208 (D. Mass. 2002). Materials attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss. *Trans–Spec Truck Serv. v. Caterpillar*, 524 F.3d 315, 321 (1st Cir.2008).

Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st

Cir. 2008) (internal quotations and alterations omitted). Although detailed factual allegations are not necessary, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

Defendant proffers several arguments for dismissal of the SAC, including that Plaintiff has failed to plead the elements of fraud or fraudulent conveyance, that the statute of limitations precludes all claims against the Trust, and promotes several arguments that the Trust's assets are unreachable in this action. Noting that the SAC "merely rehashes the same allegations as the first two complaints," Defendant argues that Plaintiff "totally fails to allege any facts evidencing that the Trust is responsible for the Estate's agreement" thus warranting dismissal of the SAC. Defendant maintained at the hearing that his best argument is that the statute of limitations has passed on the cause of action, but, once again,[1] failed to address both the statute of limitations and the merits of the reach and apply claim. Plaintiff contends that the SAC pleads sufficient facts to show a plausible claim to reach and apply the assets of the Trust in satisfaction of the Consent Judgment in accordance with Massachusetts common law and M.G.L. c. 214, § 3. The SAC does just this and, as set forth below, I find that Plaintiff has plausibly alleged a reach and apply claim against the Trust.[2]

---

[1] *See Memorandum of Decision and Order on Defendants' Motion to Dismiss First Amended Complaint*, Docket No. 55; *De Prins v. Michaeles*, 189 F. Supp. 3d 209, 214–15 (D. Mass. 2016).
[2] At the hearing, Defendant withdrew the *res judicata* defense, so it need not be considered here. In addition, I find no merit in Defendant's Statute of Frauds defense, as Plaintiff did not allege that the Trust made a special promise to answer for the debt of the Estate. Defendant offered no authority that would support a contrary conclusion.

*Common Law Reach and Apply*

A non-statutory reach and apply action requires three elements, requiring that creditor have secured judgment, unsuccessfully sought to execute on judgment, and "property which could not be taken on execution at law" *Cavadi v. DeYeso*, 458 Mass. 615, 625, 941 N.E.2d 23, 32 (2011). Recovery under the third step requires plaintiff to show that the "property, by its nature, is incapable of attachment or of taking on execution in a legal action." *Massachusetts Electric Co. v. Athol One, Inc.,* 462 N.E.2d at 1372; *see In re Rare Coin Galleries of America, Inc.,* 862 F.2d 896, 904 (1st Cir.1988) ("creditor can reach and apply in payment of any 'debt' a variety of a debtor's interests that are unavailable for ordinary attachment or levy"). An equitable asset of the debtor held in trust is a classic example of a debtor's interest not recognized by a court of law. *See Cavadi v. DeYeso,* 458 Mass. 615, 941 N.E.2d 23, 32 (2011) ("intangible assets and assets held in trust" are "classic examples" of equitable assets "not recognized by courts of law"); *see also Eaton v. Federal Nat. Mortgage Association,* 462 Mass. 569, 969 N.E.2d 1118, 1125 n.10 (2012) (describing resulting trust in that case as "an equitable device"), *see also Allied Home Mortg. Capital Corp. v. Mark*, 2014 WL 4964728, at *8 (D. Mass. Sept. 30, 2014)

*Analysis*

Defendant argues that Plaintiff's action to reach and apply is barred by the statute of limitations, claiming that this entire action is based on the wrongful death of the DePrinses on March 2, 2009. It would follow, Defendant contends, that Plaintiff's claim against the Trust is barred by the one year statute of limitations under Massachusetts, Mass. Gen. L. c. 190B, § 3-803(b) or the four-year statute of limitations for fraudulent conveyances under the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. L. c. 109A, § 10.

According to Plaintiff, the Defendant's arguments asserted in their Memorandum of Law in Support of their Motion to Dismiss – e.g. that the claims in the SAC are barred by *res judicata,* the statute of limitations, and failure to state a claim for relief - rely, in whole or in part, on factual allegations concerning: the dates when Belanger requested that the Defendant prepare the Will and Irrevocable Trust for execution; the dates that Belanger signed the Will and Irrevocable Trust; the dates that Belanger's assets were transferred to the Trust; whether there were any assets in the Estate at the time the Will was admitted to probate; whether Plaintiff was ever made aware that the Estate had no assets; and, the date when the Plaintiff purportedly became aware that Belanger shot and killed his parents. *See Defendants' Memorandum in Support Motion to Dismiss* (Docket No. 61). Plaintiff argues that because those factual allegations are not referenced in an exhibit attached to the SAC, referenced in any official public record, or otherwise susceptible to judicial notice, those factual allegations must be disregarded by the Court in deciding a Rule 12(b)(6) motion to dismiss. *See Freeman v. Town of Hudson*, 714 F. 3d 29, 35-36 (1st Cir. 2013) ("on a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, or else convert the motion into one for summary judgment").

Reviewing the relevant authority, I find that Plaintiff, in the SAC, has sufficiently alleged facts to support a non-statutory reach and apply of the assets of the Trust. The SAC describes that the Plaintiff has a Consent Judgment against Belanger's Estate, the Plaintiff is unable to execute on his Consent Judgment against the Estate since the Estate had insufficient assets to satisfy the judgment, and the parties entered into the Stipulation in the Wrongful Death Case that "collection of the [Consent Judgment] will be exclusively against the Trust in [this] enforcement action." *See generally*, Docket No. 59. *See also Foster v. Evans*, 384 Mass. 687, 694, 429 N.E.2d

995, 999 (1981) ("[i]n cases involving fraudulent conveyances, attempts to levy upon an execution are particularly likely to prove futile. We hold, therefore, that a plaintiff who has obtained a judgment at law against a debtor, and who alleges that the judgment cannot be satisfied because the debtor has fraudulently transferred his assets to a third party, has stated a case which is cognizable under the general principles of equity jurisprudence."). Because legal title to and possession of the funds was is in the name of the Trust at the time of the entry of the Consent Judgment in the Wrongful Death Case, Plaintiff could not take the funds held by the Trust in action at law either by attachment or levy on execution. *See Tilcon Capaldi,* 249 F.3d at 61.

Each of the elements in a non-statutory action to reach and apply – a secured judgment, an unsuccessful attempt to execute on the judgment and the unavailability of a legal remedy -- is unambiguously alleged in the Second Amended Complaint. Particularly in light of the court's duty to "accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of [the non-movant]," *see, e.g., Blackstone Realty LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir.2001) (citing *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 443 (1st Cir.2000)), Plaintiff's allegations suffice to survive dismissal.

***Statutory Reach and Apply Claim under Mass. Gen. L. c. 214, § 3(6)***

A statutory reach and apply claim requires a showing of two elements, the indebtedness of the defendant and that the defendant has property that can be reached by the plaintiff in satisfaction of the defendant's debt. *See Americus Mortgage Corp. v. Estate of Belli*, 2014 WL 1338294, at *4 (D. Mass. Mar. 31, 2014) quoting *Hunter v. Youthstream Media Networks, Inc.*, 241 F.Supp.2d 52, 57 (D. Mass.2002) (citations omitted). *See Springfield Redevelopment Authority v. Garcia*, 44 Mass. App. Ct. 432, 691 N.E.2d 965, 968 (Mass. App. Ct.1998) (reach

9

and apply action requires "establishment of an indebtedness on the part of the principal defendant to the plaintiff" and "collecting the debt, when established, out of property rights which cannot be reached on an execution") (internal quotation marks omitted); *see also In re Martin*, 468 B.R. 479, 485 (Bkrtcy.D.Mass.2012) (" 'the plaintiff in a non-statutory action to reach and apply must be a judgment creditor' "). A creditor may reach and apply a debtor's interest in intangible property that cannot otherwise be executed against in an action at law, including a debtor's beneficial interest in trusts. *Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54, 59 (1st Cir. 2001). "A creditor may not reach and apply a debtor's interest if the trust includes a spendthrift clause by which the creator of the trust (the settlor) forbids creditor attachments." *Id.*, *citing Hale v. Bowler*, 215 Mass. 354, 102 N.E. 415, 416 (1913). Massachusetts has adopted the Restatement rule in situations where a settlor creates a trust for his own benefit and also attempts to immunize the trust from creditor claims:

> Where a person creates for his own benefit a trust for support or a discretionary trust, his ... creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.

*Id.* at 59-60, *citing Ware v. Gulda*, 331 Mass. 68, 117 N.E.2d 137, 138 (1954) (internal quotation marks omitted). Even if the trustee chooses not to make any payments to the beneficiary, a creditor may still reach the maximum amount the trustee could pay. *Id*. at 60.

Having concluded that the non-statutory reach and apply claim has been adequately pled, it also follows that the requirements of § 3(6) are also met here. The Entry of Judgment satisfies the first element and the second element is satisfied because the Trust funds cannot be taken on execution on the Consent Judgment against the Estate. The SAC sufficiently pleads a plausible reach and apply claim under M.G.L. c. 214, § 3(6).

*Stautory Reach and Apply under Mass. Gen. L. c. 214 § 3(8)*

Mass. Gen. L. c. 214, § 3(8)3 authorizes a statutory reach and apply action to reach assets that have been conveyed by the defendant debtor to a third party with intent to defeat, delay, or defraud the debtor's creditors and is coextensive with the Massachusetts Uniform Fraudulent Transfers Act, M .G.L. c. 109A, §§ 1, *et seq.* (UFTA).. M.G.L. c. 109A, § 5(a)(1) defines a fraudulent conveyance as a transfer made before or after an obligation is incurred, if the transfer was made with the intent to defraud a creditor. In order to prove the requisite intent under § 5(a), the intent must be shown at the time of the alleged fraudulent conveyance. *See Palmer v. Murphy*, 42 Mass. App. Ct. 334 (1997). Resolution of the question as to whether Plaintiff has a plausible claim under the UFTA and Mass. Gen. L. c. 214, § 3(8) therefore, turns on whether Plaintiff has alleged sufficient facts to show that Belanger transferred his assets to the Trust with the intent to defraud his creditors.

The First Circuit has observed that "[i]t is often impracticable, on direct evidence, to demonstrate an actual intent to hinder, delay, or defraud creditors." *Max Sugarman Funeral Home, Inc. v. ADB Investors,* 926 F.2d 1248, 1254 (1st Cir.1991). Fraudulent intent can, however, be inferred from circumstantial indicia including:

> (1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; (5) retention by the debtor of the property involved in the putative transfer.

*ADB Investors,* 926 F.2d at 1254. "The confluence of several of these factors can 'constitute conclusive evidence of an actual intent to defraud, absent 'significantly clear' evidence of a legitimate supervening purpose.'" *AngioDynamics, Inc. v. Biolitec AG*, 910 F. Supp. 2d 346, 352–53 (D. Mass. 2012), *aff'd,* 711 F.3d 248 (1st Cir. 2013), quIoting *ADB Investors,* 926 F.2d at

11

1254–55; *see also FDIC v. Anchor Props.,* 13 F.3d 27, 32 (1st Cir.1994). Accordingly, fraudulent intent is commonly shown through circumstantial evidence and inference. *Hasbro, Inc. v. Serafino,* 37 F.Supp.2d 94, 98 (D.Mass.1999); s*ee also Norwood Co-op. Bank v. Gibbs*, 2012 WL 4094328, at *6 (D. Mass. Sept. 13, 2012). While "the presence of a single badge of fraud may spur mere suspicion, the confluence of several can constitute conclusive evidence of an actual intent to defraud." *Norwood Co-op. Bank v. Gibbs*, 2012 WL 4094328, at *6, quoting *Hasbro,* 37 F.Supp.2d at 98 (internal citations and quotations omitted).

Plaintiff's reach and apply action § 3(8) and the UFTA is premised on the grounds that Belanger fraudulently conveyed his assets to the Trust with intent to defeat, delay, or defraud his creditors including DePrins. Given the judgments in hand, and as alleged in the SAC, DePrins is a "creditor" and Belanger is a "debtor" within the meaning of the statute. The SAC alleges that the debtor Belanger created the Trust and transferred all or substantially all of his assets to Michaeles, as Trustee of the Trust, immediately before Belanger incurred his liability for the wrongful death of DePrins's parents and that this action was done with the intent to shelter those assets from future creditors. The issue of fraudulent intent, however, should be evaluated on the basis of a factual record and cannot be decided on a motion to dismiss. "Because the issue [of actual malice] inevitably turns on motivations and intent, it is ill-suited for resolution in a motion to dismiss. *See Edsall v. Assumption Coll.,* 367 F.Supp.2d 72, 85 (D. Mass. 2005).

## **Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Second Amended Complaint (Docket No. 60) is **denied.**

**SO ORDERED**.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**
